**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Cedatech Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No:   2:14-cv-1023 |
| | ) | |
| v. | ) | |
| | ) | |
| Hewlett-Packard Company, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cedatech Holdings, LLC (Cedatech), by and through its undersigned counsel, for its Complaint for patent infringement against defendant Hewlett-Packard Company (HP), hereby states:

## THE PARTIES

1. Plaintiff Cedatech is a Texas company with a principal place of business at 555 Republic Dr., Plano, Texas 75074.

2. Defendant HP is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

## JURISDICTION AND VENUE

3. This is a civil action for the infringement of United States Patent Number 7,707,591 ("the '591 Patent" or "the Patent-in-Suit"), under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

5. This Court has specific and general personal jurisdiction over HP, which has conducted and continues to conduct business in the State of Texas and in this Judicial District. HP sells, offers for sale, and/or advertises products and services in the State of Texas and in this Judicial District. HP has committed acts of infringement in the State of Texas and in this Judicial District, and elsewhere in the United States. HP also derives substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

7. On April 27, 2010, the '591 Patent entitled "Integration of Audio or Video Program with Application Program," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").

8. The '591 Patent relates to, among other things, a system running an application program, wherein a separate audio or video program is integrated with the application program. Cedatech is the owner of the '591 Patent and has all rights to enforce the '591 Patent.

9. A copy of the '591 Patent is attached as Exhibit A to this Complaint.

## COUNT ONE

10. Cedatech incorporates by references each of the foregoing paragraphs of this Complaint as though fully set forth herein.

11. HP makes, uses, or sells a variety of electronic devices, including computers and tablets.

12. HP has directly infringed, and continues to directly infringe, at least one claim of the '591 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents. Defendant's infringing acts include, but are not limited to: making, using, selling, and offering to sell its electronic devices. These HP products, among other infringing features, provide the capability to integrate an audio or video program with a separate application program.

13. As one example, HP has made, used, and sold the HP 10 tablet. The HP 10 infringes at least one claim of the '591 Patent, at least by providing an audio speech recognition program. This audio speech recognition program provides input into any separate application program running on the operating system.

14. HP has indirectly infringed at least one claim of the '591 Patent, through induced infringement under 35 U.S.C. § 271. HP is notified of its infringement of the '591 Patent as of the filing of this complaint. Nevertheless, HP continues its acts of indirect infringement by continuing to actively induce consumers to practice the invention claimed in the '591 Patent. HP instructs consumers to use HP devices with speech input, within the scope of the '591 Patent. For example, consumers are induced to use HP 10 tablet with speech recognition to provide input into separate application programs.

15. With knowledge of the '591 Patent, HP has indirectly infringed the '591 Patent by inducing the direct infringement by consumers, by enabling, instructing, and encouraging consumers to make and use the infringing apparatus described in at least one claim of the '591 Patent, while aware that their use is infringing.

16. HP's use of the technology claimed in the '591 Patent is without license or authorization from Cedatech.

17. Cedatech has been damaged by HP's infringement of the '591 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Cedatech Holdings, LLC prays for entry of judgment as follows:

a) Enter judgment for Cedatech on this complaint and adjudging that the Defendant has infringed one or more of the claims of the Patent-in-Suit, either literally or under the doctrine of equivalents;

b) Award Cedatech all damages to which it is entitled under 35 U.S.C. § 284 resulting from Defendant's infringement, and ordering a full accounting of all damages adequate to compensate Cedatech for the infringement of its patent rights;

c)	Award Cedatech pre-judgment and post-judgment interest on its damages at the maximum rate permitted by law;

d)	Award costs and attorney's fees to Cedatech, and finding that this case is exceptional, pursuant to 35 U.S.C. § 285; and

e)	Grant Cedatech such further and additional relief as the Court deem as just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Cedatech hereby demands a trial by jury on all claims and issues so triable.

Dated:  November 10, 2014	Respectfully submitted,

/s/ Frank M. Washko

Frank M. Washko, Ph.D. (252010)
TIBURON INTELLECTUAL PROPERTY PLLC
350 Townsend St., Suite 680
San Francisco, CA  94107
fwashko@tiburonip.com
fnanji@tiburonip.com
(415) 545-8040

Allen S. Wan (24085640)
3723 Greenville Ave.
Dallas, TX 75206
patlit4@allenwan.com
(469) 242-0945

*Counsel for Plaintiff Cedatech Holdings, LLC*